ADELE FOWLER, Tutrix, *v.* THOS. DUVAL, JR.

<div style="float:right; border:1px solid;">
11  561<br>
104 606<br>
11  561<br>
e116 634
</div>

Where land, once public, has become private property, the possessory action will protect the possession of him who holds as owner against the intrusions of all persons, whether claiming the property in virtue of title or not.

A perfect Spanish grant and survey made by order of the court, wherein the old lines are ascertained in conformity to the grant, and confirmed by the Act of Congress of 3d March, 1819, is valid and conclusive against a preëmption certificate and patent from the United States, as respects the lands embraced in the grant, although the portion of said land embraced in the patent may have been returned as vacant by an officer of the United States. In such case a survey made by officers of the United States are not conclusive evidence of the boundaries of the tract described in the Spanish grant, and courts are at liberty to receive other testimony in relation thereto, and if superior, to decide in favor of such evidence. The rule is different as to imperfect, and other titles emanating from the government of the United States The approved surveys in such cases are generally, if not always, conclusive.

APPEAL from the District Court of East Baton Rouge, *Robertson*, J.

*T. G. Morgan*, for plaintiff. *Elam & Elam*, for defendant and appellant.

MERRICK, J. The plaintiffs sue to recover possession of a tract of land situated in the parish of East Baton Rouge, and alleged to be bounded on the east by lands formerly granted to *John G. Fledge*, on the north by lands formerly granted to *James* and *Benjamin Smith*, on the west by lands formerly belonging to *David Ross* and *F. Poussett*, and on the south by lands formerly vacant, containing about three hundred arpents.

Plaintiffs allege that they have possessed the tract of land for more than a year as owners.

They allege that the defendant has taken possession of about one hundred arpents of said land on the northern and western portions of the same, and that he is continually committing waste. They pray also for an injunction.

Defendant filed exceptions, also an answer containing a general denial, and the plea of prescription. The exceptions will hereafter be specially noticed.

On the trial the plaintiffs offered in evidence, to show the extent of their possession, a perfect Spanish grant, and a survey made by the order of the court, wherein the old lines were ascertained in conformity to the grant. The grant was embraced in list A, No. 176, of *J. O. Crosby's* report, and confirmed by the first section of the Act of Congress of the third of March, 1819, as a valid and complete title.

71

The defendant, on his part, shows a survey made by the United States Deputy Surveyor, and approved, as appears by the map, which, instead of bounding plaintiff's tract on the north by the *James* and *Benjamin Smith* tract, and on the west by the *Ross* and *Poussett* tract, leaves a vacant space between the northern and western boundaries of the tract of land in controversy and the two tracts of land mentioned.

He further shows that he has settled upon the land so returned as vacant, and filed his claim for preëmption, and obtained a preëmption certificate from the Register of the Land Office at Greensburg.

The judgment of the lower court on the titles and parol evidence adduced was in favor of the plaintiffs, and the defendant appealed.

The points made by defendant in this court are the same as contained in his exceptions before referred to, and we give them in his own words, viz:

"First. The alleged right of ownership, on which the action is founded, if sustained by proof, disputes the dominion and sovereignty of the United States to the vacant and unappropriated lands, puts at issue their superior title, and claims the ulterior prerogative to force the United States to an action of title against those not in actual possession, before the public domain can be adjusted.

"Second. Adverse to the United States, there can be no possession or ownership, by a title dependent on a law of Congress for confirmation. And against those possessing and claiming as preëmptors lands returned as vacant by competent authority, the possessory action cannot be maintained; and without proof of a possession by title not dependent for confirmation on Congress, the possession of the preëmptor cannot be disturbed.

"Third. Neither the possession of one year, nor any number of years, can be evidence of ownership against the United States."

We will consider these grounds together.

The title offered in evidence by the plaintiff, to show the extent of his possession, was a perfect title from the Spanish government, and so recognized by the United States government, to the extent of the boundaries and limits designated in the grant. So far the title was as perfect as it would have been had the land been regularly surveyed and given to the original grantee by a special Act of Congress, and followed by a patent from the President of the United States. The land within the boundaries of the grant became private property, and subject to all the rules of law governing real estate in Louisiana. It became thenceforward a vested right, protected by the Constitution of the United States and the State of Louisiana.

It was no longer under the control of any department of the government of the United States, nor subject to be changed or altered in its location by the Surveyors or Deputy Surveyors of the United States, who are themselves only ministerial officers. It was not, therefore, in the power of the United States Surveyor to declare vacant any portion of the land conveyed by the original grant which had been recognized as valid by the United States government. The only question, therefore, presented to the lower court, was one of fact, and whilst the survey, made by the United States Surveyor, might be offered in evidence to show the boundaries of the grant, it was not conclusive, and the court was at liberty to consider other testimony tending to establish the original boundaries of the tract, and if superior, to decide in favor of such evidence. The rule is different in regard to imperfect and other titles eminating from the

government of the United States. The approved surveys in such cases are generally, if not always, conclusive.

We fail to perceive in what manner the view here taken disputes the dominion of the United States over the vacant and unappropriated lands. It leaves those lands exclusively under the control of the federal government, but simply asserts that when that government never had any title to the land in controversy, or when she has parted with the title she once had, the mistakes of her officers cannot make public property that which belongs to private persons. 17 L. R. 230; 5 Rob. 466.

Nor do we see any danger to the public interest by allowing to the owners of such property that great shield to title: the possessory action. Having its origin in the interdicts of the prætors, it has accompanied the petitory action in all countries where the civil law has prevailed as an indispensible complement. Certain it is, that as means of protecting title, it is not less important in Louisiana than elsewhere.

We see no more reason why the pretence that the party is claiming under the preëmption law of the United States should authorize the invasion of the annual possession of private property, than the pretence that such party holds under title from the real owner of the same.

Neither ought it to prevail in the possessory action, where the title to the tract of land in controversy is shown to be out of the government, and where title can be offered in evidence for the purpose of showing the extent of possession only.

It is unnecessary to determine whether the possession of one year of the lands of the United States can be set up against the government, or those claiming under it. That question does not arise in this case, and we only determine that where land has once become private, the possessory action will protect the possession of him who holds as owner against the intrusions of all persons, whether claiming the property in virtue of title or not.

On the merits, the judgment of the lower court seems to be sustained by the weight of evidence.

Judgment affirmed.